UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6209-CIV-GRAHAM/TURNOFF



UNITED STATES OF AMERICA

    Plaintiff,

v.

CIGAR FACTORY OUTLET, INC.,
et al.,

    Defendants.
_____/

**PLAINTIFF'S AND DEFENDANTS' JOINT STATUS REPORT**

Plaintiff, United States of America, and Defendants, Bruce Feinstein and Monica L. Feinstein, in response to the Court's Notice dated July 11, 2000, hereby provide the following Joint Status Report.

1. <u>Plain Statement of the Nature of the Claim</u>. Plaintiff claims that Defendants are engaged in the business of selling cigar vending franchises to consumers and fail to provide prospective franchisees with a basic disclosure document required by law (in particular, the "Franchise Rule" set forth at 16 C.F.R. § 436.1 et seq.). Plaintiff further claims that Defendants make representations (both to individual consumers and in advertisements) about the potential earnings that consumers may expect from such franchises without making certain disclosures required by the Franchise Rule. Plaintiff also claims that



Defendants lack a reasonable basis for their representations about the potential earnings consumers can expect from their franchises, which also violates the Franchise Rule. The Complaint seeks civil penalties, consumer redress, and injunctive relief. The amount of civil penalties and redress can only be determined after discovery.

 2. <u>Brief Statement of Uncontested Facts</u>. The parties have not yet agreed on any significant uncontested facts. In their answer, the Defendants denied virtually all of the allegations in Plaintiff's Complaint. The parties expect, however, that during discovery they will be able to agree on a number of uncontested facts, particularly with respect to the authenticity of documents.

 3. <u>Summary of the Issues</u>. The principal issues in this case are: (1) whether the cigar vending business opportunities that Defendants sell are "franchises" within the meaning of the Franchise Rule, (2) whether Defendants have made the disclosures required by Federal law, (3) whether they have made baseless or misleading claims about the earning potential of their cigar vending franchises, (4) whether any consumers were injured after purchasing franchises in reliance on such nondisclosures or claims, and (5) whether the Defendants Bruce and Monica Feinstein are individually liable for the company's actions.

 4. <u>Summary of Pending Motions</u>. None.

 5. <u>Discovery</u>. Plaintiff served Interrogatories and a Request for Production of Documents on June 30, 2000. Defendants are

currently preparing their responses to these requests.

As set forth in the parties' Scheduling Report, filed on April 21, 2000, the parties have contemplated that all discovery would be completed by December 8, 2000. The parties have proposed an additional 3-4 months for the subsequent preparation and consideration of dispositive motions, meaning that the case would be ready for trial and/or final pretrial conference in March/April 2000.

6. <u>Trial</u>. If a trial is necessary, the parties expect that it would take between three and four days. Such a trial would be heard by a jury on liability issues, but the Court would determine the extent of any civil penalties or consumer redress to be imposed.

7. <u>Unique Legal or Factual Aspects of the Case</u>. None.

8. <u>Status of Potential Settlement</u>. The parties have discussed the possibility of resolving this case by settlement and believe there is a fair likelihood that the case will settle prior to trial. However, Plaintiff does not anticipate being a position to seriously discuss settlement until it has conducted sufficient discovery to obtain necessary additional information about the defendants and their activities.

9a. <u>Consent to Proceeding Before A Magistrate Judge</u>. As indicated on the attached consent forms, the parties consent to proceed before a magistrate in all matters that may arise in this

case, except for dispositive motions and trial, which the parties request be heard by the Court.

    9b.   <u>Complicated Matters</u>.  At present the parties are not aware of any unusually complicated matters related to this case that might require the use of a Special Master or Magistrate Judge.

                          Respectfully submitted,

Of Counsel:                    FOR THE PLAINTIFF:

EILEEN HARRINGTON          DAVID W. OGDEN
Associate Director for      Acting Assistant Attorney General
 Marketing Practices       Civil Division
Federal Trade Commission    U.S. Department of Justice
Washington, D.C. 20580

                               THOMAS E. SCOTT
CRAIG TREGILLUS             United States Attorney
Attorney
Federal Trade Commission
Washington, D.C. 20580    By: _____
PHONE: 202-326-2970         NANCY LANGSTON
FAX: 202-326-3395           Assistant United States Attorney
                               99 N.E. 4th Street
                               3rd Floor
                               Miami, Florida 33132
                               Court Assigned No. A5500437
                               PHONE: (305) 961-9012
                               FAX: (305) 530-7139

                               _____
                               ANDREW E. CLARK
                               Attorney
                               Office of Consumer Litigation
                               P.O. Box 386
                               Washington, D.C. 20044
                               PHONE: (202) 307-0067
                               FAX: (202) 514-8742

FOR DEFENDANTS BRUCE FEINSTEIN
AND MONIC L. FEINSTEIN:

_____
JOHN F. O'DONNELL, ESQ.
2648 Northeast 26th Place
Ft. Lauderdale, Florida 33306
PHONE: (954) 563-9993
FAX: (954) 563-9995
Florida Bar No. 264891

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 00-6209-CIV-GRAHAM/TURNOFF

UNITED STATES OF AMERICA,

    Plaintiff(s),

vs.

CIGAR FACTORY OUTLET, INC.
et al.,

    Defendant(s).
_____/

### ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of Title 28, U.S.C. § 636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| # | Motion | Yes | No |
|---|---|---|---|
| 1. | Motions for Costs | X | |
| 2. | Motions for Attorneys' Fees | X | |
| 3. | Motions for Sanctions | X | |
| 4. | Motions to Dismiss | | X |
| 5. | Motions for Summary Judgment | | X |
| 6. | Discovery Motions | X | |
| 7. | All Pretrial Motions | | X |
| 8. | (Other) _____ | | |

7/17/00 (Date)    /s/ Andrew G. O. (Signature)

7/17/00 (Date)    /s/ Tony F. O'Donnell (Signature)

_____ (Date)    _____ (Signature)